Harvey KASH, Carl Lanzisera, and Julia Gambino, Plaintiffs–Appellants,

v.

Thomas HONEY, Individually and in his Official Capacity, Frank Incantalupo, Individually and in his Official Capacity, James Catterson, Individually and in his Official Capacity, Patrick Mercurio, Individually and in his Official Capacity, Defendants,

A. Craig Purcell, Individually and in his Official Capacity, Defendant–Appellee,

Edward Manzello, Individually and in his Official Capacity, Defendant–Counter–Defendant–Appellee.

Docket No. 01–7794.

United States Court of Appeals, Second Circuit.

April 11, 2002.

Arthur V. Graseck, Jr., Islip Terrace, NY, for Appellant.

Kevin G. McMorrow; Joseph M. O'Connor; Ahmuty, Demers & McManus, Albertson, NY, for Appellee A. Craig Purcell.

Daniel J. Chepatis, Assistant Solicitor General; Michael S. Belohlavek, Deputy Solicitor General, of counsel, for Eliot Spitzer, Attorney General of the State of New York, New York, NY, for Appellee Edward Manzello.

Present OAKES, SACK, and BRIGHT,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court, entered on February 21, 2001, be, and it hereby is, AFFIRMED.

Plaintiffs Harvey Kash, Carl Lanzisera, and Julia Gambino appeal from a judgment of the United States District Court for the Eastern District of New York (Thomas G. Platt, *Judge*) granting summary judgment to defendants A. Craig Purcell and Edward Manzello.

The plaintiffs belong to Americans for Legal Reform ("ALR"), an organization that "seeks to bring about reform in the American legal system through political means." Compl. ¶ 18. They filed suit against the defendants under 42 U.S.C. § 1983 alleging violations of their constitutional rights under the First, Fifth, and Fourteenth Amendments.

Kash alleges that on April 29, 1996, at the Suffolk County Bar Association's annual "Law Day," defendant Edward Manzello, a security officer employed by the Suffolk County Unified Court System, employed excessive force against him in the course of preventing him from walking in the direction of Congressmen Rick Lazio and Michael Forbes, speakers at Law Day. He further alleges that, thereafter, defendant A. Craig Purcell, then president of the Suffolk Bar Association, maliciously caused to be filed a false misdemeanor complaint against him charging him with disorderly conduct; and that Purcell thereby intended, *inter alia*, to penalize Kash for attempting to exercise his First Amendment rights.

Gambino asserts that while attempting to extricate Kash from Manzello's restraint, Manzello elbowed her in the shoulder a few times. She conceded in her deposition that these strikes were "[n]ot intentional." Lanzisera alleges that sometime earlier on Law Day, as he passed by Manzello, Manzello elbowed him intentionally. Lanzisera speculates that Manzello did this because of an incident that occurred one year earlier. Lanzisera had been demonstrating at a courthouse, and Manzello took his sign. Lanzisera complained to Manzello's superior, who returned the sign to Lanzisera. This incident, Lanzisera believes, embarrassed Manzello.

The plaintiffs bring their claims under 42 U.S.C. § 1983. They therefore must establish that the defendants deprived them of rights "secured by the Constitution or laws of the United States," and that they did so "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).

## I. The Claim Against Purcell

■ The plaintiffs' sole allegation against Purcell is that he "maliciously, for purpose or purposes personal to him, including the purpose of penalizing plaintiff KASH for exercising his First Amendment rights ... falsely charged HARVEY KASH in an accusatory instrument." Compl. ¶ 14.

The plaintiffs do not dispute that Purcell is a private attorney or that the Suffolk County Bar Association is a private not-for-profit organization that receives no governmental funding of any kind. The acts of private attorneys are not deemed to be "under color of state law," *see Fine v.*

---

* Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

*City of N.Y.*, 529 F.2d 70, 74 (2d Cir.1975), and "an otherwise private person acts 'under color of' state law" only if he or she "conspir[es] with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984).

The evidence shows that before the Law Day program began, Manzello informed Purcell that he had been assigned to provide security to certain judges there. No evidence suggests that Purcell conspired or acted jointly with Manzello. No evidence suggests that Purcell knew that the plaintiffs would be attending the Law Day program. The plaintiffs contend that Manzello and Purcell discussed ALR before Law Day, but they point to no evidence in the record to support that contention. A conclusory allegation that a private person acted jointly with a state actor fails to state a claim under § 1983, *see Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir.1992); *a fortiori* it fails to defeat a motion for summary judgment.

■ Purcell also did not act jointly with a state actor merely by swearing to an affidavit in an accusatory instrument. Private misuse of an otherwise valid state statute is not state action. *Dahlberg v. Becker*, 748 F.2d 85, 90 (2d Cir.1984). Because none of Purcell's alleged conduct can be deemed "fairly attributable to the State," *Spear*, 954 F.2d at 68 (internal quotation marks and citations omitted), Purcell did not act "under color of state law" and therefore is not subject to § 1983 liability.

## II.   The Claims Against Manzello

■ To analyze excessive-force claims, we begin by "identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). " '[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.' " *County of Sacramento v. Lewis*, 523 U.S. 833, 843, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n. 7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997)).

Because Manzello's alleged use of force against Kash took place during a brief "seizure," we apply the Fourth Amendment's "reasonableness" standard and ask whether his "actions [were] 'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." *Graham*, 490 U.S. at 397, 109 S.Ct. 1865.

Manzello, according to a police report he filed, perceived Kash's movement in the direction of Congressmen Forbes and Lazio as a threat. He responded by obstructing Kash's path with his back turned toward Kash. Kash does not dispute that he found his path obstructed by Manzello's back. He also does not dispute that after allegedly tapping Manzello on the shoulder and then speaking to Manzello in a loud voice, he attempted to maneuver himself past Manzello. Manzello then restrained Kash and removed him from the meeting hall. He did not strike Kash, even though Manzello believed Kash to be fighting back and attempting to grab his firearm. After successfully removing Kash from the room, Manzello released him. Deferring to the "judgment of [a] reasonable officer[ ] on the scene," who "reasonably, but mistakenly, believed that a suspect was likely to fight back," *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 2158, 150 L.Ed.2d 272 (2001), no reasonable jury could conclude that this brief and minimal use of force against Kash was objectively unreasonable.

Manzello's alleged uses of excessive force against Gambino and Lanzisera did not take place during a seizure. We therefore analyze them under the substantive due-process rubric, *see County of Sacramento*, 523 U.S. at 843–44, 118 S.Ct. 1708, and ask whether Manzello's conduct "shocks the conscience," *see id.* at 846–47, 118 S.Ct. 1708 (collecting cases). Manzello unintentionally elbowed Gambino in the shoulder while attempting to restrain Kash. He allegedly also intentionally elbowed Lanzisera. Neither sustained any injury. No reasonable jury could conclude that this conduct "shocks the conscience." *See id.*

Finally, the plaintiffs' First Amendment retaliation claims fail because they introduced no evidence that the alleged actions of Purcell and Manzello were motivated by their exercise of First Amendment rights. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir.2001). In fact, the plaintiffs do not assert that they intended to or did engage in any expressive activity at the Law Day program. Kash testified that it was a coincidence that he had been walking in the direction of Congressmen Forbes and Lazio; he had intended only to get a cup of coffee from the refreshments table, not to speak to them or anyone else. Lanzisera speculates that Manzello elbowed him to retaliate for the alleged embarrassment that Lanzisera caused him on a previous occasion. Even if true, this would suggest the motive of personal vengeance. It would not raise a reasonable inference that Manzello intended to punish Lanzisera in order to deter the expression of ALR's views.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.